### PALMER et al. v. JOSEPH.

(Circuit Court of Appeals, Second Circuit. May 24, 1916.)

#### No. 271.

PATENTS &⚏328—INVENTION—BOLT ANCHOR.
 The Newton patent, No. 725,279, for a bolt anchor designed to anchor threaded bolts or screws, when inserted in cement or similar material, *held* void for lack of patentable invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Frederick C. Palmer, the Clements Company, and the Star Expansion Bolt Company against Carl Joseph. Decree for defendant, and complainants appeal. Affirmed.

E. W. Marshall, of New York City, for appellants.
Richard Eyre, of New York City, for appellee.

Before COXE, Circuit Judge, and HOUGH and MAYER, District Judge.

HOUGH, District Judge. The subject-matter of this patent is a "bolt anchor," a device intended for giving fixity and security to screws and threaded bolts, when inserted in material which does not readily or permanently "bite" upon the screw thread. It is primarily intended, under modern conditions, for use in connection with the insertion of bolts and screws into cement. The art is an old one, and we perceive

no difference requiring discussion between the problem of securing screws (or similar contrivances) in cement or concrete, and doing the same thing in soft wood or any other material or substance which does not firmly and permanently contact with the ordinary helical thread of one of the most familiar appliances of the building trade.

The first claim is typical, and is as follows:

"1. A bolt anchor consisting of a plurality of sections each composed of spirally corrugated metal and the walls of which are of uniform thickness throughout and forming, when assembled, a spirally corrugated tube."

When this claim is compared with the specifications, and the scope and nature of the invention there discovered, the device is seen to consist of a plurality of sections (obviously intended to be stamped out of sheet metal) two of which incase the screw or bolt and are intended to be wedged or driven into the surrounding material by the act of driving in the screw. Exactly as described, we are satisfied that the patentee's plan was inoperative, a belief confirmed by the admitted fact that such exact thing has never passed into commercial use. This action is upon a "paper patent" of the plainest kind.

The prior art is crowded; but one reference seems to us sufficient. The patent to Held (No. 606,925) specifically covers:

"An internally screw-threaded longitudinally divided bushing adapted to be seated in a suitable opening and to receive the screw and to be expanded thereby."

A more accurate description of what this patentee sought to accomplish cannot be given. In our opinion the Held patent completely anticipated what this patentee shows and claims, with the possible exception of one portion of the fourth claim, wherein the corrugated tube (which is the bolt anchor or bushing) is stated to be provided "with a smooth noncorrugated portion at its outer end."

In this case that "smooth noncorrugated portion" is called the "open mouth," and much has been made of it. In considering the results of common observation, as well as the diagrams and specifications of prior patents, one of the rarest of screw-threaded implements is an article having the helical thread continued to the screw or bolt head. There is almost always a smooth unthreaded portion at the top of a screw, and the so-called "open mouth" is no more, and was not intended to be anything more, than a convenient receptacle for that portion of a familiar and ancient device.

In our judgment no patentable invention is shown, and for this reason the decree is affirmed, with costs.